UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JENNIFER HUBER,**
an individual,                                                  Case No.:
                                                               Honorable:

      Plaintiff,

*-vs-*

**GENTLE HANDS PERSONAL CARE, LLC**
and **MALLARD'S LANDING OF ST. CLAIR, LLC**,
domestic limited liability companies,

      Defendants.

_____/

THE SHARP FIRM, PLLC
Attorneys for Plaintiff
BY: Heidi T. Sharp (P69641)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@sharpfirmlaw.com

_____/

## COMPLAINT AND JURY DEMAND

JENNIFER HUBER ("Plaintiff") states the following for her Complaint against **GENTLE HANDS PERSONAL CARE, LLC** and **MALLARD'S LANDING OF ST. CLAIR, LLC** ("Defendants").

1.     At all relevant times, **GENTLE HANDS PERSONAL CARE, LLC** was and is a registered business, conducting business in St. Clair County, Michigan.

2.     At all relevant times, **MALLARD'S LANDING OF ST. CLAIR, LLC** was and is a registered business, conducting business in St. Clair County, Michigan.

3.     At all relevant times, Plaintiff was employed by Defendants.

4.     Plaintiff is a resident of the State of Michigan, County of St. Clair.

5.     The court has jurisdiction pursuant to the Americans with Disabilities Act, 42 USC 12101, et seq. and 29 U.S.C. 18 et seq.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

7.     Plaintiff began employment with Defendants in 2012 as a nurse's aide, working at Mallard's Landing assisted living facility in East China Township, Michigan.

8.     Plaintiff received regular pay raises and rose to the position of assistant supervisor.

9.     Plaintiff was a highly competent employee and received no written discipline from Defendants.

10.     In late 2022, Plaintiff was suffering from a disabling condition that required bilateral hip replacements.

2

11. Defendants verbally authorized Plaintiff to take a six-month leave for this disabling condition, a short leave of known duration, to allow time for surgery and recovery.

12. Plaintiff and Defendants verbally agreed that Defendants would pay for the first three months of Plaintiff's health insurance, and Plaintiff would pay for the last three months.

13. Defendants never told Plaintiff the exact amount she would need to pay for her health insurance, whom to forward payment to, or when to pay.

14. Plaintiff began her disability leave on November 15, 2022.

15. On several occasions during her leave, Plaintiff contacted Defendants and updated them on her medical status.

16. Defendants did not send an invoice for insurance or communicate at all with Plaintiff about insurance issues until March 7, 2023.

17. On March 7, 2023, Defendant Mallard's Landing sent a letter to Plaintiff terminating her employment and health insurance effective March 31, 2023. Defendant requested that Plaintiff pay $1,233.00 to "Gentle Hands Personal Care LLC" for two months of health insurance premiums (**Exhibit A**).

18. Even though Defendants terminated Plaintiff's health insurance, she did not receive notice of her ability to continue her group health coverage, as

3

required by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

19.     In May 2023, just as previously discussed with Defendants, Plaintiff was cleared to return to work by her doctor and was fully willing and able to resume her position without the need for accommodation and could perform all essential functions of her position.

20.     On May 19, 2023, counsel for Plaintiff contacted Defendant Mallard's Landing, requesting Plaintiff be returned to her position with resumption of her health insurance.

21.     On June 6, 2023, Defendant's counsel S. Douglas Touma sent a letter to Plaintiff indicating that Defendants terminated Plaintiff for "failure to be available to perform essential functions" and considered Plaintiff to have voluntarily quit.

22.     Before Plaintiff went on leave, a new employee was hired to temporarily fill Plaintiff's position. Plaintiff's manager Jan Silk told Plaintiff that this was a temporary six-month hire, and upon Plaintiff's return, this new employee would be moved to a housekeeping or kitchen position. Upon information and belief, this employee remains in Plaintiff's former position to this day.

23.     Plaintiff's manager told employees on several occasions that she didn't have to follow employment laws, such as the restriction on discriminating against employees because, "it's a private business".

4

24.     On June 23, 2023, Plaintiff filed a timely Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC") **(Exhibit B)**.

25.     Plaintiff received a Notice of Right to Sue from the EEOC dated January 8, 2024. Plaintiff timely files her claims within 90 days of the receipt of her Notice of Right to Sue **(Exhibit C)**.

26.     Plaintiff was illegally terminated from Defendants in violation of the Americans with Disabilities Act as amended because her approved accommodation, a short leave of known duration, was wrongfully ended. The leave was reasonable, approved by the Defendants and did not cause the Defendants hardship.

## COUNT I–VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT AS AMENDED

27.     Plaintiff incorporates the preceding paragraphs by reference.

28.     Plaintiff is a person within the meaning of Section 101(7) of the Americans with Disabilities Act as Amended (ADAAA), 42 USC §12111(7).

29.     Defendants meet the requirements for employer status under the ADAAA. 42 USC §12111(5)(a).

30.     At all relevant times, Plaintiff was an individual with a disability within the meaning of section 3(2) of the ADAAA, 42 USC §12102(2).

31.    Specifically, Plaintiff had a physical impairment that substantially limited one or more of her major bodily functions, had a record of the impairment, and was regarded by Defendants as having the impairment.

32.    Plaintiff is a qualified individual with a disability as that term is defined in ADAAA, 42 USC §12111(8).

33.    Plaintiff was illegally terminated because she had a disability and/or because Defendants perceived her to have a disability.

34.    Plaintiff was illegally terminated when her reasonable accommodation was wrongfully retracted.

35.    Defendants wrongfully denied Plaintiff a reasonable accommodation. Plaintiff's reasonable accommodation did not cause Defendants a hardship.

36.    The termination of Plaintiff is an adverse employment action prohibited by law.

37.    Defendants' conduct constitutes a violation of the ADAAA.

38.    Defendants conducted themselves with malice or with reckless indifference to Plaintiff's federally protected rights.

39.    As a direct and proximate result of Defendants' discrimination on the basis of disability, Plaintiff has suffered lost wages, lost benefits, and loss of employment advancement opportunities.

40.    Plaintiff would not have been terminated by Defendants if she did not have a disability.

41.    As a direct and proximate cause of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of past and future earnings, earning capacity, loss of benefits and suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, Plaintiff respectfully request that the Honorable court:

a.    Award her lost wages and benefits, past and future, in whatever amount she is found to be entitled;

b.    Award her compensatory damages in whatever amount she is found to be entitled;

c.    Award her punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay;

d.    Award her interest, costs, and actual attorney fees; and

e.    Award her any other equitable relief that the Honorable court deems fair and equitable.

## COUNT II–VIOLATION OF ERISA

42.    Defendants were the plan sponsors of a group health plan within the meaning of 29 U.S.C. § 1002 (16) and 29 U.S.C. §1167(1).

7

43. Defendants normally employed 20 or more employees on a typical business day during the calendar year preceding Plaintiff's termination.

44. Plaintiff was a covered employee under Defendants' group health plan as defined by 29 U.S.C. §1167(2).

45. Defendants are administrators as defined by 29 U.S.C. §1102(16).

46. Defendants' termination of Plaintiff's employment on June 6, 2023, was a qualifying event as defined by 29 U.S.C. §1163(2).

47. Plaintiff was not provided with timely written notification of her COBRA rights as required by 29 U.S.C. §1166.

WHEREFORE, Plaintiff requests this honorable court:

a. Award Plaintiff damages pursuant to 29 U.S.C. §1132; and

b. Award her any other relief that the Honorable court deems fair and equitable.

Dated: April 3, 2024                    Respectfully Submitted,

                                        THE SHARP FIRM, PLLC


                                        /s/ *Heidi T. Sharp*
                                        By: Heidi T. Sharp (P69641)
                                        Attorney for Plaintiff
                                        43260 Garfield Road, Suite 280
                                        Clinton Township, MI 48038
                                        (586) 226-2627
                                        heidi@sharpfirmlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff makes a demand for a trial by jury in the above-entitled matter.

Dated: April 3, 2024                     Respectfully Submitted,

                                          THE SHARP FIRM, PLLC


                                          */s/ Heidi T. Sharp*
                                          By: Heidi T. Sharp (P69641)
                                          Attorney for Plaintiff
                                          43260 Garfield Road, Suite 280
                                          Clinton Township, MI 48038
                                          (586) 226-2627
                                          heidi@sharpfirmlaw.com

# EXHIBIT A



**Mallards Landing**
Retirement Center

3-7-2023

Jennifer Huber

█████████████████

Dear Jennifer,

When you left here on Nov 14, 2022, your agreement with Alicia Winkle was that you would be off for six months, and that Mallards Landing would pay three (3) months of your Priority Health premium, and you would pay three (3) months of it. She agreed to revisit it in three months if you maintained contact with us and kept us apprised of your health status during that time. It is now four months since that agreement was made, and Mallards Landing has paid five months of your Priority Health insurance. (Nov, Dec, Jan, Feb, Mar), and that will have given you both hip replacements which Mrs. Winkle feels is more than generous.  You have never mentioned paying your share of the premiums which at $616.50 per month, for two months totals $1233.00.

Alicia and Mrs Winkle met yesterday to revisit your case as promised, and they have instructed me to inform you of the following.

1.  Your Priority Health Insurance will be cancelled as of 3-31-2023. You can purchase insurance through the Affordable Care Act at www.healthcare.gov.

2.  They have also instructed me to terminate your employment effective 3-31-2023.

3.  Payment for the sum of $1233.00 for your two months of Health care premiums can be paid by check to Gentle Hands Personal Care LLC.

I wish you well, and hope your surgery is successful.

Sincerely,

*Janet M. Silk*

Janet M. Silk
Manager

4601 S. River Road, East China, MI 48054 • 810-329-7169 • Fax 810-329-6252
www.mallardslanding.net

# EXHIBIT B

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | |

**Michigan Department of Civil Rights** and EEOC

| NAME (Indicate Mr., Ms., Mrs.)  Ms. Jennifer Huber | | HOME TELEPHONE (Include Area Code)  810-858-7729 |
|---|---|---|
| STREET ADDRESS ▓▓▓▓▓ | CITY, STATE AND ZIP CODE | DATE OF BIRTH ▓▓▓ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME  Mallards Landing | NUMBER OF EMPLOYEES, MEMBERS  50+ | TELEPHONE (Include Area Code):  810-329-7169 |
|---|---|---|
| STREET ADDRESS ▓▓▓▓ | CITY, STATE AND ZIP CODE ▓▓▓▓ | COUNTY  St. Clair |
| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es).) | DATE DISCRIMINATION TOOK PLACE  EARLIEST          LATEST |
|---|---|
| [ ] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN  [X] RETALIATION    [ ] AGE    [X] DISABILITY    [ ] OTHER (Specify below.) | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)

I began my employment with Mallards Landing working as a residential assisted aide supervisor. In late 2022, I was suffering from a disabling condition that required major surgery with a long recovery time. As an accommodation to my disability, my employer authorized me to take a six month leave with continuation of my health insurance. My employer and I agreed that the employer would pay for the first three months of insurance, and I would pay for the last three months. I was never told the exact amount I would need to pay, whom to forward payment to, or when to pay. I began my leave on November 15, 2022. My employer did not send an invoice for insurance or communicate at all with me about insurance issues until March 7, 2023. On March 7, 2023, my employer terminated my employment and health insurance effective March 31, 2023. In my termination letter, my employer admits that I was granted a six-month leave. In May of 2023 I was cleared to return to work by my doctor and was fully willing and able to resume my position. On May 19,2023, my attorney contacted my employer requesting that I be returned to my position with resumption of my health insurance. My employer, through their counsel, has refused to return me to work. My employer has violated the Americans with Disabilities Act as Amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.  6-19-23                 _Jennifer Huber_  Date          Charging Party Signature | _Jennifer Huber_                6-19-23  SIGNATURE OF COMPLAINANT          DATE  SUBSCRIBED AND SWORN TO BEFORE ME THIS _ DAY OF June, 2007  2023  _Heidi Drake_  Notary Public  My commission expires  10/27/2024  Acting in the County of Macomb, MI |

EEOC Form 5

# EXHIBIT C

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/08/2024

**To:** Jennifer Huber

███████

Charge No: 471-2023-04512

EEOC Representative and email:  LARRY COOPER
Investigator
larry.cooper@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 471-2023-04512.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
01/08/2024

Ramiro Gutierrez
Director